IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CASEY HARRISON §<br>§<br>Plaintiff, §<br>§<br>V. §<br>§<br>SEDGWICK CLAIMS MANAGEMENT §<br>SERVICES, INC. §<br>§<br>Defendant. § | Civil Action No. _____ |

COMPLAINT

Plaintiff Casey Harrison ("Plaintiff"), for his Complaint against Defendant Sedgwick Claims Management Services, Inc. ("Defendant"), would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant is a corporation and, on information and belief, may be served through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

3. Venue is proper.

Facts

4. Plaintiff was employed by Cellco Partnership, LLC dba Verizon Wireless, and through such employer, covered by a short-term disability benefits policy and long-term disability benefits policy administered by Defendant. As of May 19, 2021, Plaintiff could not work as a result of gastrointestinal distress in the form of irritable bowel syndrome and migraines finally attributed

COMPLAINT – Page 1

in April 2022 to ankylosing spondylitis. Plaintiff made a claim to short-term disability benefits under the short-term disability benefits policy for a period of approximately one month beginning May 19, 2021 through June 13, 2021, when he returned to work, and was paid short-term disability benefits for that period. Plaintiff again became unable to work as of June 16, 2021 and again made a claim to benefits under the short-term disability policy. Plaintiff returned to work on September 21, 2021. On April 1, 2022, Plaintiff received short-term disability benefits from August 9, 2021 through September 20, 2021 but not June 16, 2021 through August 9, 2021. Subsequently, however, short-term disability benefits were paid for the period between June 16, 2021 and August 9, 2021. Plaintiff returned to work on September 21, 2021, but only through September 26, 2021. Since September 27, 2021, Plaintiff has remained unable to return to work. Plaintiff accordingly has made a claim, or Defendant has treated Plaintiff as having made a claim, for long-term disability benefits under the long-term disability benefits policy.

5.   By email dated May 9, 2022 from Defendant's representative, Matthew Blanton, Defendant denied long-term disability benefits to Plaintiff beginning September 27, 2021. Defendant alleged there was no information to support Plaintiff's disability. That denial was unjustified based on Plaintiff having provided Defendant with all pertinent medical records, including an April 13, 2022 attending physician statement.

6.   In connection with its disposition of the claim of Plaintiff under the long-term disability benefits policy, Defendant has engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, one or more of the requirements of

29 CFR 2560.503-1(b)(5) that benefit claim determinations be made in accordance with governing plan documents and that plan provisions be applied consistently with respect to similarly situated claimants, the requirements of 29 CFR 2560.503-1(g) as to the content of any adverse benefit determination, the requirement of 29 CFR 2560.503-1(h)(2)(iv) that a fiduciary take "into account all comments, documents, records and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination," the requirement of 29 CFR 2560.503-1(h)(3)(iii) that any medical judgment must be the result of consultation with a health care professional with appropriate training and experience in the field of medicine involved in the medical judgment, the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination by identified without regard to whether the advice was relied upon in making the benefit determination, the requirement of 29 CFR 2560.503-1(h)(3)(v) that any health care professional consulted in connection with any adverse benefit determination be an individual who was not consulted with the adverse benefit determination that was the subject of the appeal, nor a subordinate of such individual, and the requirements of 29 CFR 2560.503-1(j) as to the manner and content of a benefit determination on review. Further, the May 9, 2022 email from Defendant denying Plaintiff's long-term disability benefits claim does not satisfy the requirements of 29 CFR 2560.503-1 as to the form and content of an adverse benefit determination.

7.  Based on the terms of the governing long-term disability benefits policy, Defendant's denial of long-term disability benefits is subject to de novo review and so reviewed, must be determined to have been wrong. Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, Defendant's denial of long-term disability benefits is

subject to de novo review and so reviewed, must be determined to have been wrong. Again, in the alternative, in the event Defendant's denial of long-term disability benefits is subject to review only for abuse of discretion, Defendant, to the extent of any discretion, abused such discretion.

Claims

8. For his first cause of action, Plaintiff would show that Defendant wrongfully denied benefits due Plaintiff under the long-term disability benefits policy. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA for all long-term disability benefits due but not paid to Plaintiff under the long-term disability benefits policy, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

Alternative Relief

9. In light of Defendant's violation of one or more requirements of 29 CFR 2560.503-1, remand of Plaintiff's long-term disability benefits claim against Defendant for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claims, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant him judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF